<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: OJO. | : <br> : <br> : <br> :       Civil Action Nos. <br> :       21-11357 (JMV) (JSA) <br> :       21-11359 (JMV) (LDW) <br> :       21-11360 (JMV) (ESK) <br> :       21-11362 (JMV) (CLW) <br> : <br> : <br> :       **OPINION** <br> : |

Before the Court are four of Plaintiff's Complaints asserting claims pursuant to 42 U.S.C. § 1983. In an earlier decision, the Court severed Plaintiff's original complaint and directed Plaintiff to submit four new complaints to separately address the claims that arose in the four detention facilities in New Jersey. (*Ojo v. Decker*, Civ. No. 20-5538, D.E. 14.) The Court has begun to screen the Complaints pursuant to 28 U.S.C. § 1915 to determine whether they should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because they seek monetary relief from a defendant who is immune from suit.

The Court finds that Plaintiff must first address various deficiencies common to all of the Complaints before the Court can complete its screening process. The Court will terminate these cases and direct Plaintiff to submit four amended complaints, one for each case, that address the issues discussed below.

    **A. Standard of Review**

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim

that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, however, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing

that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### B. Rule 8 and Failure to State a Claim

First, the majority of Plaintiff's claims fail to comply with Federal Rule of Civil Procedure 8 or fail to state a claim, or both. As discussed above, Rule 8 requires a complaint to be simple, concise, direct, and set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). With regard to Rule 8, the primary flaw in the Complaints is that they often allege that the Defendants acted in unison, without delineating the actions of each Defendant or explaining under what circumstances they acted or failed to act. Alternatively, Plaintiff often contends that an unspecified individual or individuals committed a wrong, and then argues that all of the Defendants were somehow responsible.

These types of allegations are known as improper group pleading. Mere "conclusory allegations against defendants as a group" that "fail[] to allege the personal involvement of any defendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When a number of defendants are named in a complaint, plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013) (emphasis in original). A complaint that contains "impermissibly vague group pleading" will be dismissed. *Id*.

For example, in the Hudson Complaint, Plaintiff contends that he was denied dental care, then lists all of the Defendants, alleging that "by and through their agents, servants, and employees,

3

[they] were made aware of the discriminating conducts leading to the denial of adequate treatments and supply of appropriate prescribed prescriptions . . . but failed or refused to intervene or remedy the situation." (Hudson Compl., Civ. No. 21-11360, ECF No. 1, at 5.)  In this example, Plaintiff fails to explain how or when each Defendants became aware of the issue or under what circumstances they failed to remedy the situation.

Similarly, Plaintiff contends that all of the Hudson Defendants, in unison, "committed the tort of intentional infliction of emotional distress when they deliberately acted in an extreme and outrageous manner." (*Id*. at 8.)  Plaintiff, however, fails to explain what any particular Defendant did in connection with this claim, how their actions were outrageous, how they were intentional rather than negligent or accidental, and how or when they affected Plaintiff.  Plaintiff cannot rely on bare conclusions.  Plaintiff must specify the conduct, as the Court cannot guess on Plaintiff's behalf, particularly when he lists a large number of events that may or may not be related to these claims.  Plaintiff uses this style of deficient pleading on a significant number of his claims throughout the four Complaints.

Next, Plaintiff sets forth a number of policy-based claims, alleging that the Defendants, in unison, "created a policy or custom under which unconstitutional and unlawful practices occurred," but fails to explain exactly what those policies or customs were, or how those policies caused or contributed to Plaintiff's injuries. (*Id*. at 7.)  Additionally, the Court observes that some of the Defendants are ordinary officers, and they would not appear to have the same policy making power as a high-ranking official, such as the warden.  In any event, Defendants cannot meaningfully respond to these claims without at minimum, a description of the specific policy or custom in question.

Additionally, each Complaint appears to have "catch all" claims, in which Plaintiff alleges that each Defendant committed a myriad of wrongs, without delineating any of their specific actions, or explaining the circumstances of those claims. For example, in the Hudson Complaint, Plaintiff contends that all of the Defendants:

> By virtue of the foregoing,. . . committed tort of false arrest and imprisonment, unlawful confinement, assault and battery, malicious prosecution, abuse of process, conversion, loss of consortium, prima facie tort, conspiracy tort, negligence, and gross negligence, negligent training, negligent hiring, negligent supervision, negligent retention, invasion of privacy, racial discrimination, denial of due process, unjust punishment, unusual and excessive punishment, [and] infliction of emotional distress.

(*Id*. at 8.)

Plaintiff may not have been aware, but each of these claims is a separate cause of action that require him to allege sufficient facts to state a claim for each cause of action. Plaintiff cannot rely *solely on legal conclusions*; the Complaints must allege "sufficient factual matter" to show that the claims are facially plausible. *See Fowler*, 578 F.3d at 210. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"). In other words, Plaintiff cannot simply allege that a defendant committed dozens of wrongs, *without adequately explaining the factual circumstances underlying each claim*. Consequently, Plaintiff's "catch all" claims both fail to state a claim and fail to comply with Rule 8.

That said, Plaintiff may have included some relevant information in the Complaints. The Complaints, however, "meander[] back and forth" and often allege that the Defendants acted in unison, failing to specify who did what, which makes "it arduous to sift through his . . .

complaint[s] and . . . stitch together the relevant allegations in relation" to his dozens of claims. *Mobley v. Wetzel*, No. 14-00035, 2016 WL 11452949, at *1–2 (M.D. Pa. Feb. 11, 2016).

Ultimately, Plaintiff uses these deficient claim styles throughout his four Complaints. They do not comply with Rule 8 because they fail to simply or directly allege what Plaintiff's claims are against each Defendant and fail to provide fair notice of the grounds on which he intends to rest his claims. Fed. R. Civ. P. 8. State differently, such claims "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Koehler*, 2019 WL 1231679, at *3; *see Twombly*, 550 U.S. at 555.

Although such claims would be subject to dismissal without prejudice, the Court will instead terminate these cases and provide Plaintiff with an opportunity to correct these deficiencies. In his amended complaints, Plaintiff shall: "(1) refrain from repeating allegations, unless absolutely necessary; (2) *include allegations about each defendant in a single location rather than scattering the allegations throughout the pleading*;" and (3) "refrain from arguing and using conclusive allegations." *Mobley*, 2016 WL 11452949, at *1–2 (emphasis added). Additionally, the Court reminds Plaintiff that he cannot rely solely on bare conclusions, Plaintiff must explain the factual circumstances surrounding each claim against each individual Defendant.

### C. Supervisory Liability

Next, it appears that Plaintiff wishes to pursue supervisory liability claims against the vast majority of the Defendants. As a general rule, however, government officials are not liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior. See Iqbal*, 556 U.S. at 676; *Monell v. New York City Dept. Of Social Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); *Robertson v. Sichel*, 127 U.S. 507, 515–16 (1888) ("A public officer or agent is not responsible for the misfeasances or

position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of subagents or servants or other persons properly employed by or under him, in discharge of his official duties").

In general, there are two ways in which supervisors may be liable for the unconstitutional acts of their subordinates. First, liability may attach if a supervisor, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). A policy generally involves a "statement, ordinance, regulation, or decision officially adopted and promulgated by [the governing] body's officers." *Monell*, 436 U.S. at 690. A custom, although lacking the formal approval of a policy, refers to those official practices which are "so permanent and well settled as to constitute . . . the force of law." *Id.* at 691.

A plaintiff "must identify a custom or policy . . . and specify what exactly that custom or policy was" to satisfy the pleading standard. *Sheils v. Bucks Cty. Domestic Relations Section*, 921 F. Supp. 2d 396, 417 (E.D. Pa. 2013) (noting that although this standard typically applies to municipal entities, it "applies with equal force to supervisory liability claims premised on a 'policy, practice, or custom' theory" (citing *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001)).

Under the second approach, a supervisor "may be personally liable if he participated in violating [] rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinates' unconstitutional conduct." *Estate of Moore v. Cumberland Cty.*, No. 17-2839, 2018 WL 1203470, at *4 (D.N.J. Mar. 8, 2018).

Here, assuming *arguendo* that there were underlying constitutional violations, the Complaints generally fail to explain how each supervisor personally violated Plaintiff's constitutional rights. As discussed above, Plaintiff does allege numerous claims against the

7

Defendants collectively, but fails to specify the individual actions of any Defendant or the circumstances surrounding their alleged failures.

Once again, bare conclusions are insufficient to state a claim for relief, and this is true for supervisory liability claims as well. *Kaplan v. Holder*, No. 14-1740, 2015 WL 1268203, at *4 (D.N.J. Mar. 18, 2015) (citing *Iqbal*, 556 U.S. at 678). Although Plaintiff alleges that Defendants created and maintained certain policies and customs, he fails to describe what these policies or customs were, and how they specifically caused or contributed to his injuries. The Complaints cannot rely on "naked assertions devoid of further factual enhancement" and "threadbare recitals of the elements of a cause of action, supported merely by conclusory statements." *Iqbal*, 556 U.S. at 678.

Finally, to the extent Plaintiff contends that certain Defendants are liable simply for being supervisors, the Court rejects those claims. Once again, government officials are not liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Iqbal*, 556 U.S. at 676. In simpler terms, a supervisor is not liable for the unconstitutional conduct of their employees, solely because he or she is a supervisor.

If Plaintiff can properly plead a supervisory liability claim against one or more of the Defendants, he *must list his supervisory liability claims separately* from his claims against the subordinate employee. Additionally, when including a supervisory claim, he should describe the relationship between the supervisor and the subordinate who committed the underlying offense and identify that subordinate.

### D.  Conclusion

For the foregoing reasons, the Court will terminate Plaintiff's Complaints and provide him with an opportunity to file an amended complaint in each case that addresses the deficiencies discussed above.  This Opinion will be filed on each relevant docket along with an appropriate Order for that docket.

Dated: 8/23/21

_____
JOHN MICHAEL VAZQUEZ
United States District Judge
